NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARAH RODRIGUEZ,

             Plaintiff-Appellant,

    v.

AKIMA INFRASTRUCTURE SERVICES, LLC and AKIMA, LLC,

             Defendants-Appellees.

No.   17-16262

D.C. No. 4:16-cv-03607-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted December 20, 2018
San Francisco, California

Before: M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

    Sarah Rodriguez appeals the district court's order granting summary judgment in favor of her former employer, Akima Infrastructure Services, LLC and Akima, LLC (together, "Akima").  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing *de novo*, *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we reverse and remand.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rodriguez argues that a genuine dispute of material fact exists regarding whether Akima replaced her while she was on leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. We agree.

Rodriguez is entitled to restoration to her position under 29 U.S.C. § 2614(a)(1), which means a "return[] to the same position the employee held when leave commenced, or to an equivalent position . . . even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence." 29 C.F.R. § 825.214. There is no dispute that while Rodriguez was on protected leave for her pregnancy, Akima suffered a substantial decline in its business that forced it to restructure. Akima argues that it eliminated Rodriguez's position during this restructure.

Viewing the evidence in the light most favorable to Rodriguez, *Bravo*, 665 F.3d at 1083, however, a genuine dispute of fact remains as to whether Rodriguez was replaced by Peter Menig. Despite the differences in pay and job titles between Rodriguez and Menig, Rodriguez contends that they essentially performed the same recruiting tasks, with one exception for her minimal participation in new-hire orientations. Rodriguez also claims that prior to her leave, her supervisor informed her that Akima would hire a replacement with sufficient overlap so that Rodriguez could train the replacement. Based on that understanding, Rodriguez emailed others at Akima that Menig would be taking over her responsibilities. Rodriguez's

2

testimony creates a sufficient, triable question of fact to survive summary judgment.

The parties agree that Rodriguez's remaining claims rise and fall with the FMLA claim. *See Rogers v. Cty. of Los Angeles*, 130 Cal. Rptr. 3d 350, 355 (Cal. Ct. App. 2011) (explaining that the FMLA and CFRA "contain nearly identical provisions"); *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017) (holding that wrongful termination requires a violation of public policy "embodied in statute").

**REVERSED AND REMANDED.**